IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MINNESOTA
COURT FILE NO. 10-CV-_____

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) |
| v. | ) **COMPLAINT OF PLAINTIFF** |
| | ) **UNITED STATES OF AMERICA** |
| LOKI PROPERTIES LLP and | ) **JURY DEMAND** |
| ROBERT RYAN, | ) |
| Defendants. | ) |

## INTRODUCTION

1.  This is a civil action brought by the United States of America ("United States") to enforce Title VIII of the Civil Rights Act of 1968, as amended by the Fair Housing Amendments Act of l988, 42 U.S.C. §§ 3601-3619 (The "Fair Housing Act"). This action is brought by the United States on behalf of John Peet, pursuant to Section 812(o) of the Fair Housing Act, as amended, 42 U.S.C. § 3612(o).

## JURISDICTION AND VENUE

2.  This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1345 and 42 U.S.C. § 3612(o).

3. Venue is proper under 28 U.S.C. § 1391(b) because the actions giving rise to the United States' allegations occurred in the District of Minnesota, and the subject property is located in the District of Minnesota.

## PARTIES AND PROPERTY

4. John Peet is an African-American male and is a resident of the District of Minnesota.

5. The subject property is located at 402 East 7th Street, Red Wing, Minnesota. The subject property is a dwelling as defined in Section 802(b) of the Fair Housing Act, 42 U.S.C. § 3602(b).

6. Defendant Loki Properties LLP ("Loki Properties") is a Minnesota limited liability partnership and has its principal place of business at 1547 Hay Creek Valley Road, Red Wing, Minnesota. At all times relevant to this action, Defendant Loki Properties owned the subject property at 402 East 7th Street, Red Wing, Minnesota, as well as other rental properties at 611 Bluff Street, Red Wing, Minnesota and 1521 East Avenue, Red Wing, Minnesota. At all times relevant to this action, Defendant Loki Properties was engaged in the business of apartment complex management and managed the subject property.

7. Defendant Robert Ryan is a resident of Red Wing, Minnesota. At all times relevant to this action, Defendant Robert Ryan was a partner of Loki Properties. At all times relevant to this action, Loki Properties managed the subject property and participated in, among other things, the rental of apartments.

## **FACTUAL ALLEGATIONS**

8. The subject property is a two-story apartment building with four units. Two units are located on the ground floor and two on the second floor.

9. John Peet is a participant in the Red Wing Housing and Redevelopment Authority ("RWHRA") Section 8 voucher program (a government program that provides rental housing subsidies to low-income individuals and families). In or around July 2008, RWHRA's housing choice voucher program coordinator, Becky Hinrichs, provided Mr. Peet with a list of housing providers accepting Section 8 vouchers in the Red Wing area. The subject property was listed on that list.

10. In or around late July or early August 2008, Mr. Peet first contacted Defendant Ryan by telephone to inquire about renting an apartment. Mr. Peet spoke to Defendant Ryan, who told him that staff from RWHRA had already contacted him and "vouched" for Mr. Peet. Defendant Ryan advised Mr. Peet that the subject property was undergoing renovations and invited Mr. Peet to inspect the subject property. At that time, Defendant Ryan also told Mr. Peet that he did not need to submit an application, but that he would need to provide his Section 8 paperwork.

11. Shortly thereafter, Mr. Peet visited the subject property and met with Defendant Ryan in person. Defendant Ryan informed Mr. Peet that he could choose the unit he was interested in renting. Mr. Peet inspected the units and expressed an interest in units 3 and 4 (the "second-floor units"). Mr. Peet also provided Defendant

Ryan with his Section 8 paperwork at that time. Defendant Ryan informed Mr. Peet that a unit would be ready for occupancy by October 1, 2008.

12. On or about September 1, 2008, a tenant named Julie Corks leased unit 1, one of the first-floor units, at the subject property. Julie Corks is a white female.

13. In or around September 2008, Mr. Peet contacted Defendant Ryan to inquire about the progress of the repairs. Defendant Ryan stated that a unit would be ready for occupancy in early to mid-October 2008. Defendant Ryan also informed Mr. Peet that he had lost Mr. Peet's Section 8 paperwork and requested that Mr. Peet leave a new copy in the mailbox near unit 2 at the subject property. Mr. Peet completed and resubmitted the paperwork as Defendant Ryan requested.

14. During the time Mr. Peet waited for the renovations to be completed on the second-floor units, he requested and received an extension to his Section 8 voucher from RWHRA.

15. On or about October 17, 2008, Mr. Peet contacted Defendant Ryan to inquire about completion of the renovations on the second-floor units. Defendant Ryan informed Mr. Peet for the first time that "it would not work," or words to that effect. Defendant Ryan told Mr. Peet that he could not rent one of the second-floor units to him due to his criminal background. When Mr. Peet attempted to explain that it had been over ten years, Defendant Ryan made a comment about Mr. Peet having outstanding bills on his record. Defendant Ryan did not give Mr.

Peet a chance to explain his criminal background before terminating the conversation by hanging up the phone.

16. Shortly after the October 17 conversation, Mr. Peet again contacted Defendant Ryan by phone. Defendant Ryan said, "I don't know what to tell you," or words to that effect. Defendant Ryan again terminated the call, and Mr. Peet did not hear from Defendant Ryan again.

17. Mr. Peet was never given an opportunity by Defendant Ryan or anyone else representing Loki Properties to explain his criminal record.

18. Loki Properties conducts background checks on its applicants by searching online public court records. It is Loki Properties' practice not to conduct background checks on applicants who are referred by the RWHRA because Loki Properties understands that a background check has already been performed by RWHRA.

19. Loki Properties has a policy of allowing applicants to explain their criminal backgrounds before denying their applications.

20. Loki Properties has a policy of not renting to anyone with a conviction of a felony or a violent crime.

21. Mr. Peet's criminal record demonstrates that he was charged with three felony complaints in 1992, sixteen years before he sought housing from Loki Properties. All three felony complaints were dismissed. Mr. Peet also had a conviction for a misdemeanor disorderly conduct in 1999, which he was not given an opportunity to explain to anyone at Loki Properties.

22. In or around November 2008, Jessie Lexvold, a white male, called Loki Properties to inquire about the availability of a unit for rent. Mr. Lexvold spoke with Joseph Tousignant, one of Mr. Ryan's partners, who informed Mr. Lexvold that a background check would be conducted.

23. Defendant Ryan met with Mr. Lexvold and his mother, Dora Lexvold, near the end of November 2008 to inspect a unit in Loki Properties' property at 611 Bluff Street, Red Wing, Minnesota. Defendant Ryan informed Mr. Lexvold that he had conducted a criminal background check on him and described his criminal record as "pretty shitty" or similar words to that effect. Nevertheless, Defendant Ryan told Mr. Lexvold that "everybody needs a second chance; we'll give you a second chance," or similar words to that effect.

24. Mr. Lexvold's criminal records revealed that he was charged with a number of felony complaints; four of which resulted in guilty convictions. The felony convictions occurred between 1996 and 2007, and several were for crimes of a violent nature, including a 1997 conviction for terrorist threats and a 1996 conviction for 5th degree assault.

25. Notwithstanding Mr. Lexvold's felony convictions and Defendant Loki Properties' policy of not renting to applicants with felonies and/or violent acts on their records, Loki Properties rented an apartment at 611 Bluff Street to Mr. Lexvold in or around December 2008. Mr. Lexvold resided there until sometime

around February 2009, when he was incarcerated. Mr. Lexvold was allowed to move in although he never signed a lease.

26. Because Mr. Peet had been rejected, Unit 3 in the subject property remained vacant until December 2008. At that time it was leased to Kendria Hicks, an African-American female. Unit 4 remained vacant until December 2008, when it was leased to Jay Linder, a white male.

27. As of approximately May 2010, when HUD completed its investigation, Loki Properties had not rented an apartment to any African-American male tenants.

## HUD ADMINISTRATIVE PROCESS

28. On or about January 16, 2009, John Peet filed a timely complaint of discrimination with the Secretary of the Department of Housing and Urban Development ("the Secretary"), alleging that Defendant Robert Ryan, individually, had engaged in housing discrimination on the basis of race in violation of the Fair Housing Act. On or about June 1, 2009, Mr. Peet amended his complaint to add Defendant Loki Properties, owner of the subject property, and Loki Properties' additional partners, Joseph Tousignant and Randal Ryan, alleging that the additional respondents also engaged in housing discrimination on the basis of race in violation of the Fair Housing Act. On July 23, 2009, the complaint was amended a second time to remove Joseph Tousignant and Randal Ryan, in their individual capacities, and to additionally allege that Loki Properties and Robert Ryan engaged in housing discrimination on the basis of sex in violation of the Fair Housing Act. The

second amendment to the complaint also corrected the address for the subject property.

29. Pursuant to the requirements of Sections 810(a) and (b) of the Fair Housing Act, 42 U.S.C. § 3610(a) and (b), the Secretary conducted an investigation of the complaint, attempted conciliation without success, and prepared a final investigative report.

30. Based on the information gathered in that investigation, the Secretary, pursuant to 42 U.S.C. § 3610(g)(1), determined that reasonable cause existed to believe that a discriminatory housing practice had occurred. On May 11, 2010, the Secretary issued a Charge of Discrimination pursuant to Section 810(g)(2)(A) of the Fair Housing Act, 42 U.S.C. § 3610(g)(2)(A), charging Defendants Robert Ryan and Loki Properties with engaging in discriminatory housing practices, based on race and sex, in violation of the Fair Housing Act.

31. On or about May 25, 2010, Defendants timely elected to have the charge resolved in a federal civil action pursuant to Section 812(a) of the Fair Housing Act, 42 U.S.C. § 3612(a).

32. On or about June 1, 2010, the Secretary authorized the Attorney General to commence a civil action on behalf of John Peet pursuant to Section 812(o) of the Fair Housing Act, 42 U.S.C. § 3612(o).

## FAIR HOUSING ACT CLAIMS

33. By the facts and conduct alleged above, Defendants Robert Ryan and Loki Properties have:

   A. refused to negotiate for the rental of, or otherwise made unavailable or denied, a dwelling to a person because of race and sex, in violation of Section 804(a) of the Fair Housing Act, 42 U.S.C. § 3604(a); and

   B. discriminated against a person in the terms, conditions, or privileges of sale or rental of a dwelling, or in the provision of services or facilities in connection therewith, because of race and sex.

34. As a result of Defendants' conduct, John Peet is an aggrieved person as defined in Section 802(i) of the Fair Housing Act, 42 U.S.C. § 3602(i), and has suffered injury.

35. Defendants' conduct described herein was intentional, willful, and taken in disregard for the rights of John Peet.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff United States prays that the Court enter an order that:

(i) declares that Defendants' conduct as alleged herein violates the Fair Housing Act, as amended, 42 U.S.C. § 3601, *et seq*.

(ii) enjoins Defendants, their agents, employees, and successors, and all other persons in active concert or participation with them from discriminating on the basis of

race and sex against any person in any aspect of the rental of a dwelling, pursuant to 42 U.S.C. §§ 3612(o)(3) and 3613(c)(1);

    (iii)  awards monetary damages to John Peet pursuant to 42 U.S.C. §§ 3612(o)(3) and 3613(c)(1); and

    (iv)  awards such additional relief as the interests of justice may require.

Respectfully submitted,

B. TODD JONES
United States Attorney

By:    s/ Ana H. Voss
GREGORY G. BROOKER
Assistant U.S. Attorney
Attorney Registration No. 166066
ANA H. VOSS
Assistant U.S. Attorney
Attorney Registration No. 483656
United States Attorney's Office
600 U.S. Courthouse
300 South Fourth Street
Minneapolis, MN  55419
Telephone:  (612) 664-5600
Fax:  (612) 664-5788
Email:  greg.brooker@usdoj.gov
Email:  ana.voss@usdoj.gov

ATTORNEYS FOR PLAINTIFF UNITED STATES OF AMERICA