UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

_____

| | |
|---|---|
| United States of America, | Case No. 10-CV-02597 (DWF/JJK) |
| Plaintiff, | |
| vs. | **DEFENDANTS' JOINT ANSWER** |
| Loki Properties, LLP and Robert Ryan, | |
| Defendants. | |

_____

COMES NOW the Defendants, Loki Properties, LLP ("Loki") and Robert Ryan ("Ryan") through his attorney, Gerald T. Laurie at Laurie & Laurie, P.A. , and for their Answer to the Complaint filed herein, states as follows:

Defendants deny each and every allegation contained in the Complaint except as hereinafter may be expressly admitted or otherwise qualified. In response to the numbered paragraphs and sentences of the Complaint, Defendants admit, deny, or otherwise respond as follows:

1. As to Paragraph 1, Defendants admit without admitting liability under said Act.

2. As to Paragraph 2, Defendants admit.

3. As to Paragraph 3, Defendants admit.

4. As to Paragraph 4, Defendants lack sufficient knowledge or information to form a belief as to the truth of the information contained in this paragraph, and therefore denies the same.

5. As to Paragraph 5, Defendants admit.

6. As to Paragraph 6, Defendants admit.

7. As to Paragraph 7, Defendants admit.

8. As to Paragraph 8, Defendants admit.

9. As to Paragraph 9, Defendants lack sufficient knowledge or information to form a belief as to the truth of the information contained in this paragraph, and therefore denies the same.

10. As to Paragraph 10, Defendants admit only that Defendant Ryan's first contact with Mr. Peet was a brief in-person conversation at the apartment unit during which Defendant Ryan told Mr. Peet to come back when the apartment units were completed. Defendant Ryan also advised Mr. Peet that they would require his legal name and birthday in order to do a background check. Defendants deny the rest of this paragraph.

11. As to Paragraph 11, Defendants admit only that Mr. Peet met with Defendant Ryan at the apartment units and that Defendant Ryan informed Mr. Peet the units would be ready for occupancy in a few months or words to those effect. Defendants deny the rest of this paragraph.

12. As to Paragraph 12, Defendants admit.

13. As to Paragraph 13, Defendants lack sufficient knowledge or information to form a belief as to the truth of the information contained in the first sentence of this paragraph, and therefore deny the same. The remainder of this paragraph is also denied.

14. As to Paragraph 14, Defendants lack sufficient knowledge or information to form a belief as to the truth of the information contained in this paragraph, and therefore deny the same.

15. As to Paragraph 15, Defendants lack sufficient knowledge or information to form a belief as to whether contact with Mr. Peet was over the phone on or about October 17, 2008, but Defendants did inform Mr. Peet that "it would not work" or words to that effect. Defendants deny the rest of this paragraph.

16. As to Paragraph 16, the first sentence of this paragraph is denied. Defendants lack sufficient knowledge or information to form a belief as to the truth of the information contained in the remainder of this paragraph, and therefore deny the same.

17. As to Paragraph 17, Defendants deny. Defendant affirmatively states that Mr. Peet never requested an opportunity to explain his criminal record to Defendant Ryan or anyone else representing Loki Properties.

18. As to Paragraph 18, the first sentence of this paragraph is admitted. The second sentence of this paragraph is denied as Defendants do conduct background checks on applicants referred by the RWHRA. Defendants lack sufficient knowledge or information to form a belief as to the truth of the statement which alleges that background checks are already performed by RWHRA, and therefore deny the same.

19. As to Paragraph 19, Defendants deny to the extent that this statement implies that Loki Properties asks all applicants to explain their criminal backgrounds. Defendants admit to the extent that this statement implies that it allows applicants who request the opportunity to explain their criminal background the opportunity to do so.

20. As to Paragraph 20, Defendants deny.

21. As to Paragraph 21, Defendants lack sufficient knowledge or information to form a belief as to the truth of the information contained in this paragraph, and therefore deny the

same. Defendants further deny the second sentence of this paragraph which implies that Mr. Peet was not given an opportunity to explain his criminal background and further state that Mr. Peet was not invited to explain his criminal background, because he did not ask for the opportunity to do so.

22. As to Paragraph 22, the first sentence is admitted to the extent that it states Jessie Lexvold, a white male, called Loki Properties to inquire about the availability of a unit for rent. Defendants lack sufficient knowledge or information to form a belief as to the truth of the statement that Mr. Lexvold contacted Loki Properties "in or around November 2008," and therefore deny the same. The second sentence is admitted to the extent that it implies that Mr. Lexvold spoke with Joseph Tousignant, one of Mr. Ryan's partners, who informed Mr. Lexvold that a background check would be conducted. The second sentence is denied to the extent that it implies that this conversation between Mr. Lexvold and Joseph Tousignant occurred over the telephone.

23. As to Paragraph 23, Defendants recall meeting with Mr. Lexvold and his mother, but do not recall the name of Mr. Lexvold's mother or the date of that meeting. Defendants lack sufficient knowledge or information to form a belief as to the truth of the rest of information contained in the first and second sentence of this paragraph, and therefore deny the same. The third sentence of this paragraph is denied.

24. As to Paragraph 24, Defendants lack sufficient knowledge or information to form a belief as to the truth of the information contained in this paragraph, and therefore deny the same.

25. As to Paragraph 25, the first sentence is admitted to the extent that it states that Loki Properties rented an apartment at 611 Bluff Street to Mr. Lexvold in or around December 2008, but is denied to the extent that it states that the apartment was rented notwithstanding Mr. Lexvold's felony convictions and Defendant Loki Properties' policy of not renting to applicants with felonies and/or violent acts on their records. Defendant Loki does not have a policy of using felony convictions to deny housing and/or rental units. The second sentence is admitted. Defendants lack sufficient knowledge or information to form a belief as to the truth of the third sentence, and therefore deny the same.

26. As to Paragraph 26, the first sentence is admitted to the extent that it states that Unit 3 in the subject property remained vacant until December 2008, but is denied to the extent that it states that the reason for Unit 3 remaining vacant was because Mr. Peet had been rejected. The second and third sentences are admitted only to the extent that they state that Unit 3 was leased to Kendria Hicks, an African-American female and Unit 4 was leased to Jay Linder, a white male, in December 2008.

27. As to Paragraph 27, Defendants deny.

28. As to Paragraph 28, Defendants lack sufficient knowledge or information to form a belief as to the truth of the information contained in the first three sentences this paragraph, and therefore deny the same. The fourth sentence is admitted.

29. As to Paragraph 29, Defendants admit.

30. As to Paragraph 30, Defendants admit that a charge was issued identifying reasonable cause, but deny that reasonable cause exists.

31. As to Paragraph 31, Defendants admit.

32. As to Paragraph 32, Defendants lack sufficient knowledge or information to form a belief as to the truth of the information contained in this paragraph, and therefore deny the same.

33. As to Paragraph 33, Defendants deny all allegations.

34. As to Paragraph 34, Defendants deny all allegations.

35. As to Paragraph 35, Defendants deny all allegations.

Defendants further deny that Plaintiff is entitled to any relief and therefore deny Plaintiff's Prayer for Relief.

First Affirmative Defense

Plaintiff fails to state a claim upon which relief can be granted.

Second Affirmative Defense

Neither race nor gender was a factor in Defendant's decision not to rent to Mr. Peet. Defendants had a legitimate, non-discriminatory reason for not offering Plaintiff housing and/or rental units, namely that Plaintiff had a record of allegations of violent actions in which he was involved, as well as a previous eviction. With respect to the person to whom Defendant's ultimately rented the unit, Defendants had assurances from Mr. Lexvold's family members that they would cover all or part of Mr. Lexvold's rent if he was unable to pay.  Mr. Peet provided no such assurances to Defendants.  Defendants are entitled to exercise their business judgment and it was a better business judgment to rent to Mr. Lexvold with assurances of payment from family members than to rent to Mr. Peet.

### Third Affirmative Defense

Defendants have a good history of providing housing and/or rental units to people of all genders and races, including African-American individuals and males. Defendants also have a history of renting to individuals with felony convictions. Defendants state that an African-American male resides in one of its rental units in the subject building.

### Fourth Affirmative Defense

Any alleged damages suffered by Plaintiff were incurred as a result of his own actions, inactions or negligence or the result of a third party's actions, inactions or negligence and are not attributable to Defendants.

### Fifth Affirmative Defense

African American males are not a viable protected sub-class of individuals under the Fair Housing Act.

### Sixth Affirmative Defense

Plaintiff may have failed to mitigate any alleged damages.

WHEREFORE, having fully answered Plaintiff's Complaint, Defendants pray for a judgment dismissing the Complaint with prejudice and for such further relief as the Court may deem just.

Respectfully submitted,

**LAURIE & LAURIE, P.A.**

Dated:  September 3, 2010                     s/Gerald T. Laurie
                                                         Gerald T. Laurie, #61116
                                                         1660 South Highway 100
                                                         508 E Parkdale Plaza
                                                         St. Louis Park, MN 55416
                                                         952.738.0191

                                                         **ATTORNEY FOR DEFENDANTS**